IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA KERR,                                   )
                                                 )
                    Plaintiff,                   )
                                                 )
            vs.                                  )      Civil Action No. 2:20-1509
                                                 )
KILOLO KIJAKAZI, Acting Commissioner of          )
Social Security[1],                              )
                                                 )
                    Defendant.                   )
                                                 )

AMBROSE, Senior District Judge

**OPINION**
**and**
**ORDER OF COURT**

**SYNOPSIS**

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 16, 18]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 17, 19]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment and denying Plaintiff's Motion for Summary Judgment.

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act. Plaintiff applied for DIB and SSI on or about August 9, 2018. [ECF No.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is therefore automatically substituted for Andrew M. Saul as the Defendant in this suit.

11-5 (Exs. 1D, 3D)]. Plaintiff alleged that since September 15, 2017, she had been disabled due to back injury. [ECF No. 11-6 (Ex. 1E); ECF No. 11-5 (Exs. 1D, 3D)]. Administrative Law Judge ("ALJ") Paul Kovac held a hearing on September 10, 2019, at which Plaintiff was represented by counsel. [ECF No. 11-2 at 42-79]. Plaintiff appeared at the hearing and testified on her own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 71-78. In a decision dated October 16, 2019, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform; therefore, Plaintiff was not disabled under the Act. [ECF No. 11-2 at 11-20]. Plaintiff requested review of the ALJ's determination by the Appeals Council, and the Appeals Council denied Plaintiff's request for review. [ECF No. 11-2 at 1-3]. Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 16 and 18]. The issues are now ripe for my review.

## II.    LEGAL ANALYSIS

### A.    STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (U.S. 2019). Substantial evidence has been defined as "more than a mere scintilla." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek, 139 S. Ct. at 1154. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a de novo review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp.

2

549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §§ 404.1520, 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920. The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision

3

with or without remand to the Commissioner for rehearing.  Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.     WHETHER THE ALJ IMPROPERLY DETERMINED PLAINTIFF'S RFC**

At step two of the analysis, the ALJ found that Plaintiff had severe impairments, including status post L4-5 microdiscectomy (May 2018), degenerative disc disease of the lumbar spine, L4-5 disc herniation with radiculopathy, lumbar spinal stenosis, lumbar sacroiliac dysfunction, and migraines. [ECF No. 11-2, at 13-14]. He then found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 15. The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform a range of sedentary work as defined in 20 C.F.R. §§ 404.1567 and 416.967, except that she must have the ability to alternate to sitting for 5 minutes after every 25 minutes of standing and walking, and, during time in which she alters position, she is still capable of remaining on task; she must have the ability to use a cane occasionally for ambulation; she must never operate foot controls with the right or left foot; she can occasionally balance, stoop, kneel, crouch, and climb ramps and stairs, but must never crawl or climb ladders, ropes, or scaffolds; she must never work at unprotected heights or near moving mechanical parts and must never operate a motor vehicle; she can work in weather and in extreme cold occasionally, but must avoid vibration; and she would be absent from work one day a month. [ECF No. 11-2 at 15-18]. The ALJ ultimately concluded Plaintiff was not capable of performing her past relevant work, but that there were other jobs that exist in the national economy that Plaintiff could perform; therefore, Plaintiff was not disabled. Id. at 18-20.

Plaintiff argues that the ALJ's RFC finding is flawed because he failed properly to consider all of the medical evidence of record. [ECF No. 17]. This argument is unpersuasive. Residual functional capacity ("RFC") refers to the most a claimant can still do despite her limitations. 20 C.F.R. §§ 404.1545(a); 416.945(a). The assessment must be based upon all of the relevant

evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of her own limitations. Id. Ultimately, however, the responsibility for determining a claimant's RFC rests with the ALJ. 20 C.F.R. §§ 404.1527(d); 404.1546; 416.927(d); 416.946; Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011).

Here, the ALJ specifically addressed Plaintiff's impairments in his RFC analysis and found, that, although those impairments could reasonably be expected to cause her alleged symptoms, those symptoms were not entirely consistent with the medical evidence and other evidence of record. See ECF No. 11-2, at 15-18. The ALJ noted, inter alia, that the objective functional limitations on examination were not significant enough to render her impairments disabling; that Plaintiff's treatment for her headaches was conservative and limited to medications; and that Plaintiff was essentially independent in her activities of daily living. See id. The ALJ also explained that, although Plaintiff exacerbated a prior back injury when pregnant with her second child, physical examinations continued to reveal normal findings such as full strength in extremities and normal gait. Further, she had lower back surgery in May 2018, after which examinations were substantially normal and diagnostic studies did not reveal a disabling residual condition. See id. The ALJ supported his findings in this regard with substantial evidence of record, including treatment notes, medication history, test and lab results, medical opinion evidence, and testimony. See id. (citing Exs. 1A, 4E, 2F, 3F, 4F, 8F, 11F, 12F, 14F, 15F, and Hearing Testimony). Finally, as set forth above, the ALJ included numerous limitations in his RFC finding related to the combination of Plaintiff's impairments that he concluded were supported by the record. See id. Indeed, the ALJ found unpersuasive state agency evaluator, Paul Fox, M.D.'s opinion that Plaintiff was limited to light work because Dr. Fox's opinion was not consistent with the record evidence as a whole. See id. at 18. The ALJ found that the overall objective evidence received at the hearing level supported a finding of more significant limitations, and limited Plaintiff to a restricted range of sedentary work. See id.

To the extent Plaintiff cites medical evidence to support her claim for even greater restrictions, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's findings. See Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). As courts have explained:

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding. . . . Substantial evidence could support both Plaintiff's claims and the ALJ's finding because substantial evidence is less than a preponderance. Jesurum v. Sec'y of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003).

Hundley v. Colvin, Civil Action No. 16-153, 2016 WL 6647913, at *2 (W.D. Pa. Nov. 10, 2016). Thus, any argument in this regard is misplaced.

Plaintiff's further attacks with respect to specific medical providers and/or specific medical evidence are likewise without merit. Plaintiff contends, for example, that the ALJ mentions only records from Plaintiff's treating neurosurgeon, Dr. Protsko, one physical therapy note, and the records of a pain specialist, Dr. Monaco, but that he ignores the records of her treating occupational medical specialist, Dr. Mathew, set forth in exhibit 14F, completely. See ECF No. 17 at 4-11. The ALJ's opinion, however, belies this contention. Consistent with applicable regulations, the ALJ considered all of the medical evidence of record from all of Plaintiff's physicians. As set forth above, the standard is not whether there is additional evidence in these records to establish Plaintiff's position but, rather, whether substantial evidence supports the ALJ's findings. In this regard, the ALJ did not fail to consider Dr. Mathew's records or ignore Exhibit 14F containing those records, To the contrary, the ALJ stated that he considered all of the medical evidence and made explicit reference to Exhibit 14F. See ECF No. 11-2, at 14-18, and 17 (citing numerous exhibits, including Ex. 14F). Furthermore, as Defendant notes, although Plaintiff's medical records are in evidence, Plaintiff did not submit any medical opinions setting forth functional limitations in support of her disability claim. Nonetheless, as

6

set forth above, the ALJ considered the overall objective medical evidence and imposed more generous restrictions than those opined by the state agency physician, Dr. Fox.[2]

Finally, to the extent Plaintiff additionally submits that the ALJ impermissibly characterized her activities of daily living in support of his RFC finding, that argument is without merit. [ECF No. 17 at 8-9]. The ALJ did not rely on Plaintiff's ADLs as the measure of her ability to maintain competitive employment. Rather, consistent with applicable regulations, the ALJ considered Plaintiff's reported activities, including driving, shopping, handling her finances, and caring for her minor children, as a factor in evaluating the intensity and persistence of her symptoms. See 20 C.F.R. §§ 404.1529(c)(3)(i); 416.929(c)(3)(i). As set forth above, substantial evidence, including medical records, test results, and medical opinion evidence, more than adequately supports the ALJ's RFC findings.

### III.    <u>CONCLUSION</u>

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows.

---

[2] Under the applicable regulations at the time of Plaintiff's application, the ALJ was not required to give any "specific evidentiary weight, including controlling weight, to any medical opinion." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Instead, the ALJ was required to evaluate "other medical evidence," including functionality opinions from treating physicians, id. §§ 404.1513(a)(3); 416.913(a)(3), based on several factors, id. §§ 404.1520c(c)(1)-(c); 416.920c(c)(1)-(c)(5), with a focus on consistency and supportability, id. §§ 404.1520c(a); 416.920c(a). Consistency and supportability are the only factors ALJs must address in their written opinions. Id. §§ 404.1520c(b); 416.920c(b).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA KERR,                                )
                                              )
              Plaintiff,                      )
                                              )
       vs.                                    )        Civil Action No. 2:20-1509
                                              )
KILOLO KIJAKAZI, Acting Commissioner of       )
Social Security[1],                           )
                                              )
              Defendant.                      )
                                              )

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 31st day of January, 2022, after careful consideration of the submissions

of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered

that the decision of the ALJ is affirmed and that Defendant's Motion for Summary Judgment [ECF

No. 18] is GRANTED and Plaintiff's Motion for Summary Judgment [ECF No. 16] is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is therefore automatically substituted for Andrew M. Saul as the Defendant in this suit.